554 P.2d 895

**HENDERSON REALTY, an Arizona Corporation, Appellant,**

v.

**. MESA PAVING COMPANY, INC., an Arizona Corporation, Appellee.**

**No. I CA–CIV 2974.**

Court of Appeals of Arizona.
Division 1,
Department B.

Aug. 19, 1976.

Rehearing Denied Sept. 14, 1976.

Petition for Review Denied Oct. 5, 1976.

Bellamak & Mitchell by Ferris W. Bellamak, Scottsdale, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl by Brian Kaven, Phoenix, for appellee.

OPINION

SCHROEDER, Judge.

This case arises from an action for damages in which both the appellant, Henderson Realty (Henderson), and the appellee, Mesa Paving Company, Inc. (Mesa Paving) were joined as defendants. The trial resulted in a determination that Mesa Paving was liable to the plaintiffs for negligence, and that Henderson was not. The sole question presented to us is whether Henderson's cross-claim against Mesa Paving for indemnification of attorneys' fees incurred in the suit should have been granted. The plaintiffs in the original action are not parties to this appeal.

Appellant Henderson hired Mesa Paving, an independent contractor, to excavate a parcel of land Henderson intended to subdivide. A grader driven by a Mesa Paving employee severed a water line which serviced the plaintiffs' residence, and the plaintiffs sued both Henderson and Mesa Paving.

Shortly after Henderson was served with the summons and complaint, it tendered its defense of the case to Mesa Paving and demanded that Mesa Paving indemnify it against all losses incurred in defense of the claim, including attorneys' fees. Mesa Paving refused Henderson's tender of defense. Henderson then employed its own counsel to defend the plaintiffs' claim and filed its cross-claim against Mesa Paving seeking indemnity and attorneys' fees.

At trial, Mesa Paving's principal defense was that it was Henderson's contractual responsibility to designate utility lines, and that the accident was solely Henderson's fault. Henderson's position was that any negligence was entirely Mesa Paving's. The court found that Henderson was not liable to the plaintiffs, that Mesa Paving was solely liable for any damages caused by its negligence, and that because there was no contractual provision for attorneys' fees, Henderson take nothing on its cross-claim against Mesa Paving for attorneys' fees. Henderson appeals only from the portion of the judgment denying attorneys' fees.

Henderson's claim for attorneys' fees is based on its contention that an indemnitor-indemnitee relationship existed between Mesa Paving and Henderson which allegedly made Mesa Paving liable for all losses and expenses incurred by Henderson in defending plaintiffs' claim.

The principles of indemnity generally apply in the tort context when one party as a matter of law bears liability to the plaintiff as the result of the negligence of another. *See* Sherk, *Common Law Indemnity Among Joint Tortfeasors*, 7 Ariz. L.Rev. 59 (1965). The principle is embodied in the Restatement of Restitution § 96 (1937) as follows:

"A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability."

We find this principle to have no application in this case. Henderson was not liable for the wrongful conduct of Mesa Paving. Mesa Paving was held solely responsible for its own acts. Nor was Henderson ever subject to liability for the negligence of Mesa Paving. It was subject to liability only for its own negligence, which it was held not to have committed. It is true that without the negligence of Mesa Paving, there would have been no lawsuit. But we decline to hold that, where only one of multiple defendants is held liable in a tort action, the losing defendant must pay the attorneys' fees of the other defendants. No such broad contention has been made here, and no authority cited to us supports it.

We find nothing in *Busy Bee Buffet v. Ferrell*, 82 Ariz. 192, 310 P.2d 817 (1957),

upon which Henderson principally relies, to be inconsistent with our conclusion that indemnity does not apply in this case. In *Busy Bee,* both the landlord and the tenant were found liable for injuries caused by a dangerous condition which was brought about by the active negligence only of the tenant. The landlord Buffet was only "secondarily liable" in that it had breached its nondelegable duty to maintain the premises in a reasonably safe condition. The Buffet was held to be entitled to indemnification from the tenant for the cost of the judgment.

In *Crouse v. Wilbur-Ellis Co.,* 77 Ariz. 359, 272 P.2d 352 (1954), a farmer was held entitled to indemnification from his insecticide supplier when the insecticide ruined a neighbor's melon crop. In *Crouse,* as in *Busy Bee, supra,* the indemnity was liable to the plaintiffs for breach of a duty imposed by law when damages were caused by the actual fault of the indemnitor. In this case, Henderson owed no such legal duty to the plaintiffs; Henderson was not subject to liability for Mesa Paving's acts, and hence no indemnitor-indemnitee relationship arose.

Since we conclude that this is not a case in which the principles of indemnification apply, we do not reach the question of whether, in cases where indemnification is appropriate, attorneys' fees are also recoverable. The Ninth Circuit has expressly held that an indemnitee can recover the costs and expenses incurred in defending a suit so long as the indemnitor had knowledge of the legal proceedings against the indemnitee and refused to defend. *Southern Arizona York Refrigeration Co. v. Bush Manufacturing Co.,* 331 F.2d 1 (9th Cir. 1964).[1] The court's opinion in *Busy*

*Bee* did not mention attorneys' fees, but was concerned solely with indemnification for the amounts expended in extinguishing its liability to the plaintiff. In *Crouse v. Wilbur-Ellis Co., supra,* the court awarded attorneys' fees to the indemnitee, but it does not appear that there was any litigated issue concerning them.

■ The parties to a contract may, of course, expressly provide that one party will hold the other party harmless for any expenses, including attorneys' fees, incurred in connection with claims. Under such agreements, indemnification has been permitted for costs and attorneys' fees, even though the party claiming indemnification was not held liable to the plaintiffs. *Commercial Standard Insurance Co. v. Cleveland,* 86 Ariz. 288, 345 P.2d 210 (1959); *Miller and Company of Birmingham v. Louisville & Nashville R.R. Co.,* 328 F.2d 73 (5th Cir. 1964). As the trial court found, the contract between Henderson and Mesa Paving in this case contained no such provision.

■ Counsel for Henderson at oral argument suggested that indemnification might be required by an implied agreement on the part of Mesa Paving. In some circumstances, indemnification may well be founded upon a theory of implied contract. *See, e. g.,* annot. 97 A.L.R.2d 616, 624 § 7. In this case, however, no factual or legal contentions pertaining to an implied contract were ever presented to the trial court; the issue was never briefed to this Court; it, therefore, is not properly before us.

Affirmed.

JACOBSON, P. J., and WREN, J., concurring.

---

1. *Southern Arizona York, supra,* involved the indemnification of a contractor by a manufacturer of defective air conditioning equipment. The contractor had been held liable, under an express warranty, for damages suffered by the purchaser although the fault was the manufacturer's.